**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **CAMERON MCKINNEY, individually and on behalf of similarly situated individuals** | § § § § | |
| **Plaintiff** | § § § | |
| **v.** | § § | **CIVIL ACTION NO.** _____ |
| **BEN DEN MANAGEMENT LLC D/B/A THE DEN, AND BEN PANNELL** | § § § | |
| **Defendants** | § § | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### I.      SUMMARY OF SUIT

1.      The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of minimum standard of living necessary for health, efficiency and general well-being of workers...." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206(a) and 207(a).

2.      The FLSA allows employers to pay less than the minimum wage to employees who receive tips. 29 U.S.C. § 203(m). In doing so, employers may take a "tip credit," which allows employers to include in their calculation of Tipped Employees' wages the amount that an employee receives in tips. *Id.* An employer must advise an employee *in advance of its use of the tip credit* pursuant to the provisions of section 3(m) of the FLSA. That is, the employer must inform the employee (1) the amount of the cash wage that is to be paid to the Tipped Employees (2) the amount by which the wages of the Tipped Employees are increased on account of the tip credit (3) that all tips received by the employee must be retained by the employee except for tips contributed

1

to a valid tip pool and (4) that the tip credit shall not apply to any employee who does not receive the notice.  Furthermore, it is illegal for employers to require waiters to share tips with ineligible employees such as kitchen staff, management, and the employer itself.  The Fifth Circuit Court of Appeals affirmed a jury verdict and judgment in favor of wait staff when Chili's Restaurant required the staff to share tips with ineligible employees. *See Roussell* v. *Brinker Int'l. Inc.* 2011 WL 4067171 (5th Cir. Sept. 14, 2011).  The illegal tip-sharing, in this case, stems from illegal charges assessed to the Servers for committing various mistakes or having a cash drawer short on money.

3.        Defendants Ben Den Management LLC d/b/a The Den ("The Den") and Ben Pannell ("Pannell") (collectively referred to as "Defendants") violated the FLSA by not correctly informing the Tipped Employees of the tip credit it was using and requiring that the Tipped Employees give the company their tips in order to repay the company for (a) shortages in their drawers, (b) when customers walked out on a tab.  As a result, Defendants lose their rights to rely on the tip credit and must compensate Plaintiff at the full minimum wage rate.

4.        Plaintiff and the Tipped Employees were at all times non-exempt employees under the Fair Labor Standards Act.

5.        Defendants knew or showed reckless disregard for whether its payroll practices violated the minimum wage and overtime provisions of the Fair Labor Standards Act.

6.        Defendants' conduct violates the FLSA, which requires non-exempt employees to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay. *See* 29 U.S.C. § 207(a).

### SUBJECT MATTER JURISDICTION AND VENUE

7.        This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §

216(b) and 28 U.S.C. § 1331.

8.      Venue is proper in the Southern District of Texas because a substantial portion of the events forming the basis of this suit occurred in this District.

## PARTIES AND PERSONAL JURISDICTION

9.      Plaintiff Cameron McKinney ("McKinney or "Plaintiff") is an individual residing in Harris County, Texas. Plaintiff's written consent to this action is attached to this Complaint as "Exhibit A."

10.     McKinney brings this action on behalf of similarly situated individuals who were employed by Defendants as a Server, Bartender, or Bar Lead ("Tipped Employees") at The Den at any time from the three-year period before this lawsuit until the present.

11.     Ben Den Management LLC d/b/a The Den ("The Den") may be served through its registered agent, Ben Pannell at 4835 Calhoun A1, Houston, Texas 77004, or wherever he may be found.

12.     Defendant Pannell is an individual and Texas resident. Defendant Pannell is an owner, and managing member of Ben Den Management LLC d/b/a The Den. Ben Pannell may be served with process at 4835 Calhoun A1, Houston, Texas 77004, or wherever he may be found.

13.     Defendant Pannell is listed as the Managing Member and Director of Ben Den Management LLC d/b/a The Den.

14.     Defendant Pannell employed the Plaintiff and the Tipped Employees within the meaning of the FLSA.

15.     Defendant Pannell owns and operates the restaurant in this lawsuit.

16.     Defendant Pannell is part of an enterprise engaged in commerce and is subject to the FLSA.

17.     Defendant Pannell is the owner of The Den. As the owner and officer of The Den, Defendant Pannell is responsible for controlling and overseeing the day-to-day operations of the restaurant.

18.     Defendant Pannell operates his restaurant business on a day-to-day basis, acts directly on behalf of The Den, as an employer under 29 U.S.C. § 203(d).  As a result, Defendant Pannell is jointly and severally liable as such for the claims described in this Complaint.

19.     Defendant Pannell (1) possessed the power to hire and fire the Plaintiff, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. Therefore, Defendant Pannell is a statutory employer under the FLSA.

20.     Defendant Pannell is listed on the Texas Secretary of State website as the Director and Managing Member of The Den.

21.     Defendant Pannell had authority over compliance with the FLSA, including the restaurant's tip policies at The Den.

22.     Defendant Pannell had operational control of The Den.

23.     As an owner and officer of The Den, Defendant Pannell oversees and controls the day-to-day operations of the restaurant involved in this lawsuit.

24.     At all relevant times, Defendant Pannell was a member, managing member, and officer of The Den, and qualifies as an employer under 29 U.S.C. § 203(d).

25.     Defendant Pannell operates restaurant businesses on a day-to-day basis and acts directly on behalf of The Den. Defendant Pannell is jointly and severally liable for the FLSA violations described in this Complaint.

26.     At all relevant times, Defendant Pannell qualified as an employer under 29 U.S.C.

§ 203(d). Defendant Pannell possessed the authority to hire and fire Plaintiffs, supervised and controlled work schedules and conditions of employment, determined the rate and method of payment, and maintained employment records.

27.    Defendant Pannell runs his restaurants from his office which is located inside "The Den". Defendant Pannell's office is located at 4835 Calhoun A1, Houston, Texas 77004. Defendant Pannell would visit the restaurant almost every day.

28.    Defendant Pannell employed Plaintiffs and the Tipped Employees within the meaning of the FLSA. Defendant Pannell owns and operates the restaurant at issue, is part of an enterprise engaged in commerce, and is subject to the FLSA.

## FLSA COVERAGE

29.    At all material times, Defendants have been an employer within the meaning of Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

30.    At all material times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because it has had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

31.    Furthermore, Defendants have had and continue to have an annual gross business volume in excess of the statutory standard.

32.    At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206 and 207.

## FACTS

33.    Defendants operate The Den, a restaurant located near the campus of the University of Houston at 4835 Calhoun A1, Houston, Texas 77004. Plaintiff worked at this location during his employment.

5

34. Defendants employed servers, bartenders, and bar leads (collectively, "Tipped Employees"). Their job duties included taking orders, serving food and beverages, and performing opening, closing, and other side work.

35. Plaintiff was employed as a bartender and then as a bar lead at Defendants' restaurant from approximately January 24, 2024, until approximately November 15, 2025.

36. Defendants pay their Tipped Employees at an hourly rate below minimum wage plus tips. By paying Plaintiff and Tipped Employees less than the minimum wage per hour, Defendants are taking advantage of a tip credit which allows Defendants to include in their calculation of wages a portion of the amounts that Plaintiff received as tips.

37. Defendants violated the FLSA when they failed to notify each Tipped Employee about the tip credit allowance (including the amount to be credited) before the credit was utilized. That is, Defendants' Tipped Employees were never made properly aware of how the tip credit allowance worked or what the amounts to be credited were.

38. Defendants required Plaintiff and the Tipped Employees to use their tips to pay for food order mistakes, pay for shortages in their drawers, and to pay the manager.

39. Because Defendants violated the FLSA's tip credit notification and tip pool requirement, Defendants are not entitled to claim a tip credit toward their minimum wage obligations.

40. As such, Plaintiff and Tipped Employees were not compensated at the federally mandated minimum wage.

**Minimum Wage Violations Based on Invalid Tip Credit Practices**

41. Defendants' failure to comply with 29 U.S.C. § 203(m), combined with their practice of requiring Tipped Employees to forfeit tips to repay for various mistakes and drawer

6

shortages violates the FLSA's minimum wage provisions. See 29 U.S.C. §§ 203, 206.

42.  Defendants pay the servers and bartenders two dollars and fifteen cents ($2.15) per hour.

43.  Defendants pay the Bar Leads five dollars and zero cents ($5.00) per hour.

44.  Defendants paid these sub-minimum wage rates under the assumption that they were entitled to claim a tip credit for the difference between the cash wage paid and the federal minimum wage.

45.  However, Defendants did not inform the Tipped Employees of the legal requirements for a valid tip credit under 29 U.S.C. § 203(m), and therefore are not entitled to claim a tip credit.

**Deducting Cash Shortages from the Tip Pool (Illegal Deductions)**

46.  Defendants maintained a practice of holding Tipped Employees financially responsible for cash drawer shortages.

47.  When a cash drawer was short at the end of a shift, Defendants' managers instructed that the shortage be covered using money taken from the tip pool. As a result, Plaintiff and other Tipped Employees lost a portion of their tips to cover alleged cash shortages.

48.  These deductions were not voluntary and were imposed as a condition of employment. Plaintiff did not retain all tips she received from customers.

**Tipped Employees "Responsible" for Walkouts**

49.  During Plaintiff's employment, Defendants maintained a written policy stating that employees were "responsible" for customer walkouts and/or unpaid tabs.

50.  Pursuant to this policy and practice, Plaintiff and other Tipped Employees were required to bear financial responsibility for customer walkouts, regardless of fault or circumstances

beyond their control. The policy was set forth in Defendants' employee handbook and applied to Plaintiff and other similarly situated tipped employees.

51.     Defendants enforced this policy by requiring Tipped Employees to cover unpaid tabs using their wages and tips, including through deductions from tip pools or direct repayment to management. As a result, Plaintiff did not retain all tips he earned.

52.     By maintaining and enforcing a walkout policy and practice, Defendants unlawfully shifted ordinary business losses onto tipped employees. This practice placed employees' wages and tips at risk of improper deductions and interfered with employees' rights under the FLSA to retain their earned tips and receive the full minimum wage.

53.     The walkout policy and practice were part of Defendants' broader, systematic compensation scheme that treated employee wages and tips as a source to offset operating losses, in violation of the FLSA.

54.     Therefore, The Den is not entitled to a credit against the minimum wage for tips received, because Tipped Employees did not retain all of their tips.

**Manager Participation in Tip Pool (Illegal Tip Pool)**

55.     During Plaintiff's employment, Defendants maintained a tip-pooling arrangement for Tipped Employees. Under that arrangement, tips received from customers were pooled and redistributed among staff.

56.     Defendants' general manager, Bianca Fuentes, regularly inserted herself into the tip pool.

57.     The general manager did not personally serve the customers whose tips she received, and she did not perform tipped work alongside Plaintiff and the Tipped Employees for the hours she claimed a share of the pool.

8

58.    Despite this, the general manager received a portion of tips generated by Plaintiff and the other Tipped Employees. Defendants required Plaintiff to contribute tips to a pool that included management personnel.

59.    Furthermore, Defendants' tip-pooling arrangement, which included managers, deprives Plaintiff and Tipped Employees of the ability to claim a valid tip credit.

60.    During the time that Defendants employed Plaintiff and Tipped Employees, the legal minimum wage was $7.25 per hour.

61.    Defendants paid the Tipped Employees between $2.15 to $5.00 per hour and therefore failed to pay the minimum wage.

62.    The Defendants knew or should have known that its policies and practices violate the FLSA, and Defendants have not made a good faith effort to comply with the FLSA. Rather, Defendants knowingly, willfully, and/or with reckless disregard of the law carried out and continue to carry out its illegal pattern and practice regarding its Tipped Employees. Defendants' method of paying Plaintiff in violation of the FLSA was not based on good faith and reasonable belief that its conduct complied with the FLSA.

63.    Based on reasonable belief, Defendants did not pay Plaintiff and Tipped Employees for their time spent attending mandatory meetings.

**Failure to Pay Overtime (Straight-Time Pay for All Hours)**

64.    Defendants required and permitted Plaintiff to work in excess of forty hours in a workweek. Plaintiff regularly worked more than forty (40) hours per workweek during his employment.

65.    Defendants required and/or permitted Plaintiff to work as a Tipped Employee at its restaurant in excess of forty (40) hours per week but refused to compensate him at the applicable

9

overtime rates. Defendants failed to compensate Plaintiff at one and one-half times his regular rate of pay for hours worked over forty (40) in a workweek.

66.    Defendants paid Plaintiff a flat hourly rate for all hours worked, including hours worked over forty (40) in a workweek. For example, Plaintiff was paid approximately $5.00 per hour for overtime hours worked.

67.    Defendants did not pay Plaintiff or the Tipped Employees $10.88 hour when they worked over 40 hours a week.

68.    By paying straight time for overtime, Defendants knew or should have known that Plaintiff was working overtime hours and nonetheless failed to compensate him at the legally required overtime rate.

## FIRST CAUSE OF ACTION - FLSA MINIMUM WAGE VIOLATION

69.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

70.    Defendants' failure to pay Plaintiff at the required minimum wage rate violates the FLSA. 29 U.S.C. § 206.

71.    None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to the Defendants or the Plaintiff.

72.    By requiring Plaintiff to share tips with a manager, Defendants maintained an invalid tip pool under the FLSA. As a result, Defendants were not entitled to claim a tip credit toward their minimum wage obligations.

73.    Defendants did not allow Plaintiff and Tipped Employees to keep all tips they earned.

74.     By diverting tips to cover cash shortages, Defendants failed to ensure that Plaintiff retained all tips, as required by the FLSA.

75.     By diverting tips to cover food order mistakes, Defendants failed to ensure that Plaintiff retained all tips, as required by the FLSA.

76.     These unlawful practices invalidated Defendants' claimed tip credit and resulted in Defendants' failure to pay Plaintiff the full federal minimum wage.

## SECOND CAUSE OF ACTION - FLSA OVERTIME VIOLATION

77.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

78.     Defendants' failure to pay Plaintiff time and one-half his regular rate of pay for hours worked over forty (40) in a workweek violates the FLSA. 29 U.S.C. § 207.

79.     Defendants did not pay Tipped Employees time-and-one-half their regular rate of pay for hours worked over forty in a workweek, as required by the FLSA. 29 U.S.C. § 207.

80.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendants or the Plaintiff.

## COLLECTIVE ACTION ALLEGATIONS

81.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

82.     Other Tipped Employees similarly situated to the Plaintiff work or have worked for Defendants' restaurant but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty hours per workweek.  Furthermore, these same employees were denied pay at the federally mandated minimum wage rate.

11

83.     Defendants took a tip credit against its minimum wage obligations for Plaintiff and Tipped Employees. Defendants failed to notify Plaintiff and Tipped Employees regarding the tip credit as required by the FLSA.

84.     Defendants deducted or required deductions from Tipped Employees' tips for various charges, shortages, and infractions.

85.     Although Defendants permitted and/or required the Tipped Employees to work in excess of forty hours per workweek, Defendants have denied them full compensation for their hours worked over forty. Defendants have also denied the Tipped Employees full compensation at the federally mandated minimum wage rate.

86.     The Tipped Employees perform or have performed the same or similar work as the Plaintiff.

87.     Tipped Employees regularly work or have worked in excess of forty hours during a workweek.

88.     Tipped Employees are not exempt from receiving overtime and/or pay at the federally mandated minimum wage rate under the FLSA.

89.     As such, Tipped Employees are similar to the Plaintiff in terms of job duties, pay structure, and/or the denial of overtime and minimum wage.

90.     Defendants' failure to pay minimum wage and overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Tipped Employees.

91.     The experiences of Plaintiff, with respect to his pay, are typical of the experiences of the Tipped Employees.

92.     The specific job titles or precise job responsibilities of each Tipped Employee does

not prevent collective treatment.

93.     All Tipped Employees, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

94.     All Tipped Employees, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

95.     Although the precise amount of damage may vary among Tipped Employees, the damages for the Tipped Employees can be easily calculated by a simple formula. The claims of all Tipped Employees arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Tipped Employees.

96.     Due to the inherent nature of Defendants' tip credit and tip pool policies, all of Defendants' Tipped Employee are subject to a tip credit and are similarly situated with respect to the violations.

97.     As such, the Tipped Employees of similarly situated Plaintiff is properly defined as:

> All current and former Tipped Employees employed at The Den at any time during the three (3) years preceding the filing of this lawsuit through the present.

### DAMAGES SOUGHT

98.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

99.     Plaintiff and Tipped Employees are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated minimum wage rate.

100.     Additionally, Plaintiff and Tipped Employees are entitled to recover their unpaid overtime compensation.

101.     Plaintiff and Tipped Employees are also entitled to an amount equal to all of their

unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

102.    To the extent permitted by law, Plaintiff and Tipped Employees are entitled to recover unlawfully retained or diverted tips.

103.    Plaintiff and Tipped Employees are entitled to recover reasonable attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## PRAYER

104.    WHEREFORE, Plaintiff and the Collective Members respectfully request that judgment be entered in their favor and against Defendants, awarding the following relief:

a.  Unpaid overtime compensation for all hours worked over forty (40) in a workweek at the applicable one and one-half times the regular rate of pay;

b.  All unpaid wages at the FLSA mandated minimum wage rate;

c.  An additional amount equal to the unpaid minimum wages and unpaid overtime compensation as liquidated damages pursuant to 29 U.S.C. § 216(b);

d.  Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA;

e.  Recovery of unlawfully retained or diverted tips to the extent permitted by law;

f.  Pre-judgment and post-judgment interest as allowed by law; and

g.  Such other relief to which Plaintiff and Collective Members may be entitled, at law or in equity.

Respectfully submitted,

**TRAN LAW FIRM**

*/s/ Trang Q. Tran*
TRANG Q. TRAN
Federal I.D: 20361
Texas Bar No. 00795787
800 Town and Country Blvd. Suite 500
Houston, Texas 77024
Ph.: (713) 223 – 8855
trang@tranlf.com
service@tranlf.com

**ATTORNEY FOR PLAINTIFF, Individually and on Behalf of Other Similarly Situated Individuals**

15